[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ENTRY OF JUDGMENT
The court accepted and ordered to be recorded the verdict for the plaintiff in the amount of $181,927.00 ordered by the jury on November 3, 1993.
The court conducted a collateral source hearing, pursuant to C.G.S. 52-255a, and it is determined as specified by the parties, that no collateral source payments as defined by C.G.S. 52-225b have been paid to or for the benefit of the plaintiff Jeanne D. Maass.
The court conducted a hearing as to the bill of costs to determine a reasonable fee to be paid, as costs, for the expert testimony of the practitioners of the healing costs, per C.G.S. 52-260 (f). The court finds that the amount to be paid to said practitioners, as set forth in the agreement of the parties by letter of December 23, 1993, are reasonable fees to be paid to the listed practitioners (see agreement attached hereto).
The employer Colonial Management filed its complaint for recovery of workers' compensation benefits, thus joining in this action pursuant to C.G.S. 31-293 (a). The parties, Jeanne D. Maass and Colonial Management, filed this stipulation dated November 29, 1993, stipulating that the damages be apportioned such that Colonial Management receive $100,000.00 as its share of the judgment.
The court accepts the stipulation of the parties as to apportionment. The court enters judgment in the amount of $181,927.00, plus costs in the amount of $5,229.90 and enters judgment apportioning said judgment as follows: $100,000.00 to the intervening plaintiff Colonial Management and $81,927.00 plus costs of $5,229.90 to the plaintiff
Jeanne D. Maass. CT Page 1438
L. Paul Sullivan, J.